IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CR-00156-FL-1
NO. 7:13-CV-00043-FL

| | |
|---|---|
| JAY AVERY JEANERETTE ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

This cause comes before the Court upon petitioner Jay Avery Jeanerette's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"), which respondent government seeks to dismiss (DEs 35, 38). Jeanerette also seeks the appointment of counsel and for an evidentiary hearing, which are denied. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, the undersigned RECOMMENDS that Jeanerette's motion to vacate (DE 35) be DENIED and that the government's motion to dismiss (DE 38) be GRANTED.

**I.      BACKGROUND**

On February 14, 2012, Jeanerette was arraigned and pled guilty to Count I of the criminal information, conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C. 841(a)(1). as charged in count two of the indictment. (DEs 25, 28). In the plea agreement, Jeanerette agreed, *inter alia*, to:

waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to

> appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

(DE 13, Plea Agreement 1–2). The district court sentenced Jeanerette on July 19, 2013 to a term of imprisonment of 92 months. (DE 32).

On March 13, 2013, Jeanerette filed the instant § 2255 motion, asserting: (1) that the Government failed to produce sufficient evidence to sustain a conviction and sentence for the charge; (2) his sentence was improperly calculated; (3) he was singled out for federal prosecution; and (4) ineffective assistance of counsel. The government asserts that the motion to vacate should be summarily denied.

## II. LEGAL STANDARDS

*A. Motion to Dismiss*

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above

2

the speculative level." *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe*, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

   *B. 28 U.S.C. § 2255*

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

   In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); *see United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

*C. Effect of Petitioner's Guilty Plea*

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266–67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> [A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . "Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings." Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should,

4

without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated—"permitting quick disposition of baseless collateral attacks."

*United States v. Lemaster*, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

*D. Ineffective Assistance of Counsel*

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id*. at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id*. at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

5

## III. ANALYSIS

*A. Grounds One through Three*

The Government asserts that Jeanerette's first three claims are barred the waiver in his plea agreement. As noted above, the plea agreement, which Jeanerette signed, waived all rights to appeal or to collaterally attack his conviction and sentence, including any challenge the sentence imposed, except for claims of ineffective assistance of counsel or prosecutorial misconduct "*not known to the Defendant at the time of the Defendant's guilty plea.*" (DE 13 at 1–2) (emphasis added). Jeanerette does not allege that the issues asserted in the present motion raise facts not known to him at the time he entered his guilty plea. Accordingly, those challenges are barred by the waiver in the plea agreement. Nonetheless, even is such issues were not waived, Jeanerette has failed to state a claim thereon.

Jeanerette first argues that the Government failed to produce evidence sufficient to sustain a conviction. However, in the plea agreement, which Jeanerette signed, not only acknowledges that he understands and admits to the charge but also concedes all the elements of the offense as well as the minimum and maximum term of imprisonment for the offense. (DE 13, 3–4). In so admitting to these facts, Jeanerette has admitted that the Government had sufficient evidence to sustain a conviction. *See United States v. Broce*, 488 U.S. 563, 569, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. . . . By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."). Accordingly, his present argument to the contrary is without merit.

Jeanerette further maintains that his sentence was improperly calculated. As noted above, the plea agreement waived any right to challenge to the calculation of his sentence. Moreover, the plea agreement expressly and unequivocally states the minimum and maximum term he faced —5 years and 40 years, respectively. (DE 13 at 4). The sentence imposed, 92 months, falls within that range. Consequently, this argument, too, lacks merit.

As to the third claim, Jeanerette contends that the investigation and controlled purchase was arranged by local law enforcement and the referral of the matter for federal prosecution amounts to a second prosecution. He appears to argue that it was vindictive and/or malicious for local authorities to refer the matter to federal officials.

Separate sovereigns may prosecute the same conduct without violating the Double Jeopardy Clause. *Heath v. Alabama*, 474 U.S. 82, 88–89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); *United States v. A-A-A Electrical Co.*, 788 F.2d 242, 246 (4th Cir. 1986). The inquiry is whether the sovereigns draw their authority from the same source of power. *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922) (noting that when sovereigns derive their power from different sources, "an act denounced as a crime by both national and state sovereignties ... may be punished by each"); *cf. United States v. Louisville Edible Oil Prods., Inc.*, 926 F.2d 584, 587 (6th Cir. 1991) (stating that the dual sovereignty doctrine holds the Double Jeopardy Clause inapplicable to separate sovereigns even if both criminal suits are for the same offense (citing *United States v. A Parcel of Land, Etc.*, 884 F.2d 41, 43 (1st Cir. 1989))

The Constitution does not deny the State of North Carolina and the United States Governments the power to prosecute for the same act. *Rinaldi v. United States*, 434 U.S. 22, 28, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). While asserting that state law has punishment to "vindicate

7

small scaled drug violation[s]," Jeanerette fails to mention that the acts with which he was charged and to which he pled guilty also constitute federal crimes. Thus, the dual sovereignty principle permits federal officials to prosecute such crimes and renders Jeanerette's federal conviction constitutionally sound. *See Heath*, 474 U.S. at 89 ("[T]he Court has uniformly held that States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' and not from the Federal Government.") (citation omitted). Accordingly, this argument lacks merit.

### B. Ineffective assistance of counsel

Jeanerette also takes exception with counsel's representation, asserting that counsel failed to raise the issues he has presented in his §2255 motion. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 130 S.Ct. 13, 16, 175 L.Ed.2d 255 (2009) (per curiam). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Jeanerette must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland*, 466 U.S. at 687–91.

However, having concluded that he has not raised a meritorious argument in his §2255 motion, counsel's failure to raise such issues is similarly baseless. *See United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999) (stating that "[a]n attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("there can be no claim of

8

ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument"). Consequently, Jeanerette has failed to state a claim for ineffective assistance of counsel. Having determined that Jeanerette has failed to raise a meritorious argument in his §2255 petition, the Government's motion to dismiss should be granted.

*C. Appointment of counsel*

In his § 2255 motion, Jeanerette also asks that counsel be appointed to represent him in connection with the motion. (DE 35-1, p. 4). Jeanerette is not entitled to counsel in this section 2255 action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Moreover, Jeanerette has failed to show that the "interests of justice" require that he be appointed counsel. *See* 18 U.S.C. § 3006A(a)(2); *United States v. Riley*, 21 F. App'x 139, 141 (4th Cir. 2001) (per curiam) (unpublished). Thus, the motion to appoint counsel is denied.

*D. Motion for an evidentiary hearing*

Jeanerette also filed a motion for an evidentiary hearing. (DE 43). Inasmuch as the issues raised in his §2255 motion can be competently addressed without a hearing, the motion is DENIED.

9

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the motion to vacate (DE 35) be DENIED and the government's motion to dismiss (DE 38) be GRANTED. Jeanerette's motion for appointment of counsel and motion for an evidentiary hearing (DE 43) are DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on 15th day of October, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE