IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CR-156-FL-1
NO. 7:13-CV-43-FL

| | | |
|---|---|---|
| JAY AVERY JENERETTE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate under 28 U.S.C. § 2255 (DE 35), and the government's motion to dismiss petitioner's motion (DE 38). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") (DE 44) wherein it is recommended that the court grant the government's motion to dismiss and deny petitioner's motion to vacate. Petitioner timely filed objections to the M&R and issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own.

### BACKGROUND

On February 14, 2012, petitioner pleaded guilty, pursuant to a written plea agreement to conspiracy to distribute twenty-eight (28) grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. Pursuant to the plea agreement, petitioner agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is

established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of Defendant's guilty plea.

Plea Agreement ¶ 2.c. (DE 13). On July 19, 2013, the court sentenced petitioner to a ninety-two (92) month term of incarceration.

Petitioner filed the instant motion to vacate on March 13, 2013, asserting that (1) the government failed to present sufficient evidence to sustain his conviction and sentence; (2) his sentence was wrongfully calculated; (3) he was singled out for federal prosecution; and (4) he received ineffective assistance of counsel at his change of plea and sentencing hearings. In this motion, petitioner also moved for appointment of counsel. The government responded on April 22, 2013 with a motion to dismiss petitioner's motion. On October 7, 2013, petitioner filed a motion for evidentiary hearing on his motion to vacate. These motions were referred to Magistrate Judge Webb who entered an M&R and order on October 15, 2013, recommending that petitioner's motion to vacate be dismissed, and denying petitioner's motion for evidentiary hearing and appointment of counsel. Petitioner timely objected to the M&R.

## COURT'S DISCUSSION

A.  Standard of Review

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican

2

Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

B.  Analysis

Petitioner first objects to the recommendation in the M&R, asserting that the government failed to present sufficient evidence to sustain his conviction and sentence. This objection is overruled for the reasons set forth in the M&R. More specifically, as an initial matter, petitioner waived his right to bring such an argument in his plea agreement. Further, even were there no such waiver, petitioner's argument is without merit as a "plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004) (quoting United States v. Broce, 488 U.S. 563, 569 (1989)). Thus, by his plea, petitioner admitted guilt of the offense.

Petitioner's second objection is that his advisory Guideline range was improperly calculated at sentencing. Again, for reasons given in the M&R, this objection is overruled. Petitioner waived the right to challenge the calculation of his sentence in his plea agreement, and the sentence imposed falls within the statutory range. See 18 U.S.C. § 841(b)(1)(B) (sentence of incarceration for violation involving twenty-eight (28) grams or more of a mixture containing cocaine base shall be between five and forty (40) years).

Petitioner objects, third, to the recommendation that the referral of his offense for federal prosecution not be found unconstitutional. Petitioner asserts that he never committed any crime in the presence of federal agents. This contention is without merit as the law imposes no requirement that a violation of federal law be committed in the presence of federal law enforcement agents for a defendant to subject to federal prosecution.

Broadly construing petitioner's objection, he also asserts that 21 U.S.C. §§ 841 and 846 are

4

unconstitutional as applied to him where his activities did not affect interstate commerce. It is well-established, however, that "Congress has the authority under the Commerce Clause to criminalize the intrastate possession, distribution, and sale of controlled substances." United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995). Petitioner's objection is therefore overruled.

Finally, petitioner objects to the recommendation that this court find he did not receive ineffective assistance of counsel, contending that his attorney was deficient in advising petitioner to plead guilty to a violation of 21 U.S.C. § 846 for "a small-scale[] drug offense that occurred and completed [sic] in N.C. and did not affect commerce." Pet.'s Objections to M&R 3. A successful claim for ineffective assistance of counsel requires a petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Furthermore, there is a "strong presumption" when reviewing an attorney's performance that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

As discussed above, petitioner's assertion that he was not properly charged with a violation of 21 U.S.C. § 846, or that such a charge is unconstitutional, is without merit. Thus, petitioner has failed to demonstrate how counsel was ineffective for advising he accept this plea agreement, and this objection is therefore overruled.

C.    Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A

5

certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For reasons given, the court hereby ADOPTS the recommendation of Magistrate Judge Webb as its own, and GRANTS the government's motion to dismiss (DE 38) petitioner's motion to vacate (DE 35). Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 28th day of February, 2014.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge